GORMAN CONSTRUCTION COMPANY, INC. v. PLANNING AND ZONING COMMISSION OF THE TOWN OF AVON (12057)

LANDAU, HEIMAN and SCHALLER, Js.

Argued November 29—decision released July 19, 1994

*Michael A. Zizka,* with whom were *Robert C. Hunt, Jr.,* and, on the brief, *Bonnie L. Amendola,* for the appellant (defendant).

*J. Noxon Howard,* for the appellee (plaintiff).

LANDAU, J. The defendant planning and zoning commission of the town of Avon (commission) appeals from the judgment of the trial court. That judgment sustained the appeal of the plaintiff, Gorman Construction Company, Inc. (Gorman), from the commission's decision approving a subdivision application with conditions.

The commission claims that the trial court (1) abused its discretion in its construction and application of § 5.11.01 of the Avon subdivision regulations, (2) improperly placed on the commission the burden of proving that it was entitled to apply the express terms of its subdivision regulations, and (3) improperly struck the commission's condition requiring public water service to the approved subdivision, while leaving the approval in force and effect in all other respects.

The facts are not in dispute. In June, 1990, Gorman, a developer, applied to the commission for approval of a residential subdivision. To assure that any proposed subdivision will be capable of providing an adequate

water supply, for both household use and fire protection, § 5.11.01 of the Avon subdivision regulations requires public water supply for any subdivision within a specified distance, set out in subparagraph ii, of an existing water service.[1] The section also provides that the commission may permit service of one or more lots with water from private wells if the commission determines that it would not be reasonably feasible to serve the lots with existing public water supply due to the elevation of the lots. The commission approved the subdivision subject to several conditions, one of which required "that the development be served by public water in a manner similar to Option F in the letter from the Avon Water Company dated August 23, 1990." Option F contained in the water company's letter provides for the "[i]nstallation of booster pump station by Avon Water Company for domestic needs only with provision for pumper truck supplement for fire flows during a fire."

The commission, using the formula in the regulation, multiplied the number of lots by the constant (fifty feet), which yielded 1900 feet as the distance from a public water supply within which connection was required. An existing service line of the Avon Water Company is approximately 1600 feet from Gorman's subdivision, bringing the subdivision within the purview of § 5.11.01.

Even though the service line of the Avon Water Company is within 1600 feet of the subdivision, it does not

[1] Avon subdivision regulations, § 5.11.01 provides in pertinent part: "Public Water Supply—shall be required to serve . . . (ii) Any subdivision within the required distance of an existing water service as determined by the following formula: ultimate number of lots times 50 feet equals distance of extension.

"The ultimate number of lots shall be determined by multiplying the total acreage of the tract by the appropriate density factor. Distance shall be measured from the end of the existing service line along existing or proposed streets or rights of way to the nearest point in the subdivision."

have the right to service the subdivision. The Connect-icut Water Company's franchise area includes the sub-division, but its facility for providing service is approximately 4500 feet away from the subdivision area. This distance is well outside the 1900 foot limit calculated according to the regulation's formula. The commission recognized that the Avon Water Company would need to enter into a cooperative agreement with the Connecticut Water Company in order to service Gorman's subdivision. In fact, the commission had before it a letter from the Connecticut Water Company to the town planner of Avon that stated: "The [Con-necticut Water Company] would be willing to discuss the possibility of an arrangement with the Avon Water Company or the development of a community system to provide proper water service including fire protec-tion for phase 4 and 5 of the . . . subdivision although we feel the cost of both of these alternatives would most likely exceed the costs of the extension of our system." The commission had also received comments from both the town's fire marshall and fire chief expressing their concerns as to the Gorman subdivision needing an ade-quate water supply to protect life and property from fire. Both officials considered the commission's approval of an earlier phase of Gorman's subdivision without requiring public water to have been a mistake.[2] The commission approved the Gorman subdivision but imposed several conditions. On September 26, 1990, Gorman appealed from the commission's decision to the Superior Court. On August 27, 1992, the trial court sus-tained Gorman's appeal and ordered that the approval

---

[2] The subject subdivision, section four, makes up the nineteen lots in this application for subdivision approval and nineteen lots in section five, a remaining portion of the lots. These account for thirty-eight lots that origi-nally were part of a conceptual plan of eighty lots. Forty-two lots of the eighty lot subdivision were approved previously, and built on to date. Sec-tion three which was previously approved by the commission was not made subject to the public water supply.

of the subdivision remain in effect but without the condition imposed by the commission that Gorman provide public water. After this court's granting of certification, the commission filed this appeal.

The commission first claims that the trial court abused its discretion in its construction and application of the regulation and improperly placed the burden of proof on the agency.

The limited scope of review in subdivision appeals is well established. "It is axiomatic that a planning commission, in passing on a [subdivision] application, acts in an administrative capacity and is limited to determining whether the plan complies with the applicable regulations. *Reed* v. *Planning & Zoning Commission,* 208 Conn. 431, 433, 544 A.2d 1213 (1988) . . . ." *R. B. Kent & Son, Inc.* v. *Planning Commission,* 21 Conn. App. 370, 373, 573 A.2d 760 (1990). The commission is entrusted with the function of interpreting and applying its zoning regulations. *Toffolon* v. *Zoning Board of Appeals,* 155 Conn. 558, 560, 236 A.2d 96 (1967); *Krawski* v. *Planning & Zoning Commission,* 21 Conn. App. 667, 670-71, 575 A.2d 1036, cert. denied, 215 Conn. 814, 576 A.2d 543 (1990). "The trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts. *Pascale* v. *Board of Zoning Appeals,* 150 Conn. 113, 117, 186 A.2d 377 (1962). The plaintiffs have the burden of showing that the commission acted improperly. *Adolphson* v. *Zoning Board of Appeals,* 205 Conn. 703, 707, 535 A.2d 799 (1988). The trial court can sustain the [plaintiff's] appeal only upon a determination that the decision of the commission was unreasonable, arbitrary or illegal; *Schwartz* v. *Planning & Zoning Commission,* 208 Conn. 146, 152, 543 A.2d 1339 (1988); *McCrann* v. *Town Planning & Zoning Commission,* 161 Conn. 65, 70-71, 282 A.2d 900 (1971). It must not substitute its judgment for that of

the zoning commission and must not disturb decisions of local commissions as long as honest judgment has been reasonably and fairly exercised. *Whittaker* v. *Zoning Board of Appeals,* 179 Conn. 650, 654, 427 A.2d 1346 (1980); *Molic* v. *Zoning Board of Appeals,* 18 Conn. App. 159, 164, 556 A.2d 1049 (1989)." *Baron* v. *Planning & Zoning Commission,* 22 Conn. App. 255, 257, 576 A.2d 589 (1990). It is an appellate court function to determine whether the judgment of the trial court was clearly erroneous or contrary to the law; appellate review excludes the retrial of the facts. *Fuller* v. *Planning & Zoning Commission,* 21 Conn. App. 340, 344, 573 A.2d 1222 (1990). The Appellate Court does not determine whether the trier of facts could have reached a conclusion other than the one reached. It looks both at the conclusion reached and the method by which it was reached to determine whether that conclusion is correct and factually supported. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

The commission conditionally approved Gorman's subdivision application. In accordance with regulation § 5.11.01, which requires public water for any subdivision within a specified distance of *existing* public water service, the commission permitted the subdivision as long as the development was served by public water supply with the "installation of [a] booster pump by Avon Water Company . . . ." On appeal, the trial court agreed with Gorman that the regulation did not apply because a requirement that a measurement based on a connection with a public water supply outside of the franchise area was not an appropriate application of the regulation. The trial court found "[i]t is implicit in the language of the regulation that the existing public water service referred to is one which presently has the right and power to provide public water in the location in question and, in this case, is within 1,900 feet

of the subdivision. The Avon Water Company does not have that right or that power." The trial court also found that the record "on which the commission heavily relies in support of its position falls short of an indication that any . . . trade adjustment [of the service area boundary lines between the Connecticut Water Company and the Avon Water Company] is a reasonable probability."

"Nothing in the subdivision approval statute, § 8-26, allows for the imposition of conditions upon the planning and zoning commission's approval of a subdivision plan; the statute merely provides for the commission to 'approve, modify and approve, or disapprove' a subdivision application. Neither are we confronted with any local regulation of the town of [Avon] which would authorize the imposition of conditions on a subdivision approval. We have held . . . that commission action which is dependent for its proper functioning on action by other agencies over which the zoning commission has no control cannot be sustained unless the necessary action appears to be a probability. *Stiles* v. *Town Council*, 159 Conn. 212, 221, 268 A.2d 395 (1970)." *Carpenter* v. *Planning & Zoning Commission*, 176 Conn. 581, 592, 409 A.2d 1029 (1979).

We agree with the decision of the trial court. First, the finding of the trial court that the regulation does not apply will not be disturbed by this court unless the subordinate facts do not support the finding. *Walls* v. *Planning & Zoning Commission*, 176 Conn. 475, 476, 408 A.2d 252 (1979). The plain language of § 5.11.01 requires public water service if the subdivision is within the distance from "an existing water service" set out in the formula—ultimate number of lots times fifty feet equals distance of extension. While being urged by the commission to interpret "existing" as "available," the trial court, in accordance with its obligation, determined that the natural and usual meaning of the word

"existing" is "existing at the present time, having actual being, presently ready to use." We conclude that the subordinate facts support the trial court's finding that it was unreasonable for the commission to interpret its regulations so as to apply § 5.11.01 where the public water service that is within the prescribed distance is not one that has a franchise to sell public water to the applicant.

Even if the regulation does apply, the commission's approval of Gorman's subdivision was subject to a condition over which neither Gorman nor the commission has control. An agreement between the Connecticut Water Company and the Avon Water Company to service the area in the application is not within the control of the parties. There was nothing in the record that the agreement between the two water companies would "appear to be a reasonable probability." The evidence before the commission does not rise to that level of proof that would indicate the reasonable probability of the two public water suppliers' arriving at an agreement and thus satisfying the condition imposed by the commission. Because the condition could not reasonably be fulfilled, it must fall. *Stiles* v. *Town Council,* supra, 159 Conn. 221.

The commission next argues that the trial court improperly placed the burden of proof on the commission to prove that the public water supply requirement could be met. Because we hold that the trial court was correct in not applying § 5.11.01, we need not address this issue.[3]

---

[3] Even if the regulation did apply, the trial court was correct. The commission cites, quite correctly, a string of cases that hold that the burden of proof to demonstrate that it acted improperly should be placed on the party seeking to overturn the commission's decision. It maintains that, on an appeal from the decision of a land use agency, the trial court must review the record to determine whether there is factual support for the agency's decision. We quarrel with neither proposition. The lines of cases, however,

The commission's final claim is that the trial court improperly struck the condition requiring public water service while allowing the subdivision's approval to stand.

"The applicable provisions of General Statutes § 4-183 (g)[4] permit the trial court to 'affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the [agency's] decision . . . .' When agency action is overturned, as here, because of invalid or insufficient findings, we have held that a court must ordinarily remand the matter under consideration to the agency for further consideration. *Hartford* v. *Hartford Electric Light Co.,* 172 Conn. 71, 73, 372 A.2d 131 (1976); *Bogue* v. *Zoning Board of Appeals,* 165 Conn. 749, 753–54, 345 A.2d 9 (1974); *Watson* v. *Howard,* 138 Conn. 464, 470, 86 A.2d 67 (1952)." *Feinson* v. *Conservation Commission,* 180 Conn. 421, 429–30, 429 A.2d 910 (1980). In this case, the trial court held, as a matter of law, that there was only one conclusion that the commission could reasonably reach. As in *Feinson,* however, it is not apparent from this record that the commission may not have authority to accept the plaintiff's application with conditions or modifications that would diminish the risk of each lot's failing to have an adequate and dependable water supply in the form of on-site wells in lieu of public water. Citing *Parish of St. Andrew's*

are inapposite. *Carpenter* v. *Planning & Zoning Commission,* supra, 176 Conn. 581, and its progeny, *Stiles* v. *Town Council,* supra, 159 Conn. 212.

[4] General Statutes § 4-183 (g) provides: "Within thirty days after the service of the appeal, or within such further time as may be allowed by the court, the agency shall transcribe any portion of the record that has not been transcribed and transmit to the reviewing court the original or a certified copy of the entire record of the proceeding appealed from, which shall include the agency's findings of fact and conclusions of law, separately stated. By stipulation of all parties to such appeal proceedings, the record may be shortened. A party unreasonably refusing to stipulate to limit the record may be taxed by the court for the additional costs. The court may require or permit subsequent corrections or additions to the record."

v. *Zoning Board of Appeals,* 155 Conn. 350, 232 A.2d 916 (1967), Gorman posits that even though the public water condition is of no effect, and its removal is ordered, the remainder of the commission's decision should not be invalidated. In *Parish of St. Andrew's,* the zoning board, in granting a special exception, imposed a condition that was declared void on appeal. The Supreme Court opined, "[t]he imposition of a void condition . . . does not necessarily render the whole decision illegal and inefficacious. If the decision is otherwise supported by sufficient grounds as found by the board, a modification of the decision may be decreed with a view toward ending further litigation. *Levine* v. *Zoning Board of Appeals,* 124 Conn. 53, 59, 198 A. 173 [1938]. In [*Parish of St. Andrew's*], the condition was not an integral part of the determination and can be separated from the grant as awarded." *Parish of St. Andrew's* v. *Zoning Board of Appeals,* supra, 354–55. Because, in the present case, the condition was an integral part of the determination and cannot be separated from the approval for the subdivision, a modification of the commission's order is legally unwarranted. *Thorne* v. *Zoning Commission,* 178 Conn. 198, 206, 423 A.2d 861 (1979); *Parish of St. Andrew's* v. *Zoning Board of Appeals,* supra, 355.

The judgment is reversed in part and the case is remanded with direction to render judgment remanding the matter to the planning and zoning commission for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.