[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 13564
The plaintiffs, Domenic A. and Joanna Graziano (Grazianos), appeal from a decision of the defendant, Southbury Planning Commission (commission), in which the commission granted the subdivision application of the defendant, AB Real Estate Development, LLC (AB).
On March 15, 1996, AB filed an application with the commission, seeking to subdivide a 33.73 acre lot in Southbury into 15 single-family residential lots known as "Beecher Estates." (Return of Record [ROR], Item 1a, p. 1). The subdivision property is owned by defendant Mary Hollaender (Hollaender). (ROR, Item 1a, p. 1). Hollaender has authorized AB to act on her behalf in connection with the subdivision application. (ROR, Item 1c).
Notice was given to the commission members that two site visits were to be conducted relating to the Beecher Estates subdivision application. (ROR, Item 2c). However, the record reflects that the commission only conducted one site visit on April 14, 1996. (ROR, Item 2d). The commission received a written request for a public hearing regarding the Beecher Estates subdivision application; (ROR, Item 4i); and decided at its April 16, 1996 meeting to grant the request. (ROR, Item 2f, p. 7). Notice of the public hearing was published in the Voices on May 8, 1996 and May 15, 1996. (ROR, Item 3a, pp. 1-2). The public hearing was conducted on May 21, 1996; (ROR, Item 2h, p. 3); and the commission held a meeting on June 18, 1996, at which time the commission discussed five revisions to the subdivision plan. (ROR, Item 2k, p. 3). The commission held a final meeting on July 16, 1996, at which the members of the commission unanimously voted to approve the application, subject to modifications and administrative requirements. (ROR, Items 2m, p. 4; 3d; 3g). Legal notice of the approval was published in the Voices Sunday on July 28, 1996; (ROR, Item 3e, p. 1); and in the Voices on July 31, 1996. (ROR, Item 3f, p. 1). The Grazianos commenced an appeal from the approval of the application on August 15, 1996.
JURISDICTION
"A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) BridgeportCT Page 13565Bowl-O-Rama, Inc. v. Zoning Board of Appeals, 195 Conn. 276, 283
(1985). General Statutes § 8-28 provides, in part, that "[a]ny appeal from an action or decision of a planning commission shall be taken pursuant to the provisions of section 8-8."
Aggrievement
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996).
The Grazianos state in their brief that they reside at 225 Beecher Drive in Southbury, Connecticut, which is located on lot 13 of "Chestnut Tree Hill Estates." (Grazianos' Brief, p. 4). The Grazianos allege they are aggrieved given that their property abuts the defendant's property. (Complaint ¶ 8). Therefore, they argue that they come within General Statutes § 8-8a(1), which defines an "aggrieved person" as including "`any person owning land that abuts . . . land involved in the decision of the board.'" (Grazianos' Brief, p. 4). The record reflects that the Grazianos are listed as "Abutting Property Owners" on the Beecher Drive subdivision "Abutting Property Owners" on the Beecher Drive subdivision application. (ROR, Item 1a, p. 4). The court ordered a finding of aggrievement at the hearing on August 26, 1997.
General Statutes § 8-28 provides that notice of a planning commission's official action or decision "shall be published in a newspaper having a substantial circulation in the municipality within fifteen days after such action or decision[,]" and that an appeal from an action or decision of such commission shall be taken pursuant to General Statutes §8-8.
General Statutes § 8-8(b) provides, in part, that an "appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." Section 8-8(e) further provides that service "shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality."
The record reflects that the commission rendered its decision CT Page 13566 on July 16, 1996; (ROR, Items 2m, p. 4; 3d; 3g). Legal notice of the approval was published in the Voices Sunday on July 28, 1996; (ROR, Item 3e, p. 1); and in the Voices on July 31, 1996. (ROR, Item 3f, p. 1). On August 15, 1996, the Grazianos commenced the appeal by service of process of the citation, writ, complaint, and bond on the town clerk of Southbury, the Chairman of the commission, AB, and Hollaender.
On December 4, 1996, AB filed a motion to dismiss on the ground that the Grazianos' appeal was untimely. In a Memorandum of Decision filed January 23, 1997, the court denied AB's motion to dismiss as it found the Graziano's appeal was commenced in a timely manner by service of process upon the proper parties.
A planning commission, "in exercising its function of approving or disapproving any particular subdivision plan, is acting in an administrative capacity." (Internal quotation marks omitted.) Reed v. Planning Zoning Commission, 208 Conn. 431,433, 544 A.2d 1213 (1988). "The planning commission, acting in its administrative capacity herein, has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance . . . . If it does not conform as required, the plan may be disapproved." (Citation omitted; internal quotation marks omitted.) Id. The commission is empowered to interpret and apply its zoning regulations. GormanConstruction Co. v. Planning Zoning Commission,35 Conn. App. 191, 195, 644 A.2d 964 (1994), citingToffolon v. Zoning Board of Appeals, 155 Conn. 558, 560,236 A.2d 96 (1967).
"The trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts." (Internal quotation marks omitted.) Gorman Construction Co. v. Planning ZoningCommission, supra, 35 Conn. App. 195. The trial court reviews the commission's action "only to determine whether it was unreasonable, arbitrary or illegal." Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152, 543 A.2d 1339 (1988). The plaintiff bears the burden of demonstrating that the commission acted improperly. Adolphson v. Zoning Board of Appeals,205 Conn. 703, 707, 535 A.2d 799 (1988).
The commission determined that AB's application complied with the subdivision regulations, and therefore approved the application, subject to modifications and administrative CT Page 13567 requirements. (ROR, Items 2m, p. 4; 3d; 3g).
The Grazianos appeal the commission's decision on nine grounds. (Complaint ¶ 9).[1] As to six of these grounds,[2] the Grazianos not only failed to brief the issues, but failed to even mention these grounds in their brief in support of their appeal. As such, the Grazianos have abandoned these six grounds of appeal and the court will not consider them further. See Commission on Human Rights Opportunities v.Truelove v. Maclean, Inc., 238 Conn. 337, 344 n. 11, 680 A.2d 1261
(1996) (stating that "[w]here an issue is merely mentioned, but not briefed beyond a bare assertion of the claim, it is deemed to have been waived"); Harris v. Correction Commissioner,40 Conn. App. 250, 261, 671 A.2d 359 (1996) (stating that "[t]he failure to brief an issue adequately constitutes abandonment of that issue"). The three remaining grounds[3] are only mentioned once in the Grazianos' entire brief — in the last sentence of the conclusion. Apparently, the Grazianos intended to address these three grounds by briefing two somewhat related issues in their brief.[4] Therefore, the court will consider the remaining three grounds in terms of the two issues that were briefed by the Plaintiffs.[5]
1. Whether The Extension of Beecher Drive To Bucks Hill Road Would Constitute A Thoroughfare and Violate The Subdivision Regulations.
The Grazianos appeal on the grounds that the commission's decision was illegal, arbitrary, and an abuse of its discretion., (Complaint ¶¶ 9d; 9e; 9g). Specifically, the Grazianos argue that; if Beecher Drive is extended to Bucks Hill Road, it will constitute a thoroughfare; thereby violating the subdivision regulations pertaining to sight distance, existing grade, width of pavement, and width of right of ways.[6] (Grazianos' Brief, pp. 6, 8).
The commission responds that "[t]here is nothing in the record tending to establish that Beecher Drive as extended falls within the definition of a `thoroughfare' requiring it to meet the increased standards set forth in . . . the subdivision. regulations." (Commission's Brief, p. 13).
AB responds that the commission "has no discretion or choice but to approve a subdivision if it conforms to the regulations. adopted for its guidance." (AB's Brief, p. 4). As such, AB CT Page 13568 contends that since the plan for the extension of Beecher Drive was drafted in accordance with and conformed to the specifications required of a Local Residential Street; (AB's Brief, p. 3); that 4.11.2.e of the subdivision regulations, "[t]horoughfares shall be provided as indicated on any plan of development adopted by the Commission." (ROR, Item 6a, p. 1171). In essence, if the commission deems a roadway to be a thoroughfare, it must indicate this on the subdivision plan by classifying it as a thoroughfare, else the developer need not provide for a thoroughfare. The record reflects that the commission did not formally classify the proposed extension of Beecher Drive as a thoroughfare as it did not indicate this on the Beecher Estates subdivision plan. (ROR, Item 5c). In their brief, the Grazianos admit that "the Planning Commission has not formally designated Beecher Drive as a thoroughfare". (Grazianos' Brief, p. 7). The record likewise fails to reflect that the commission or AB ever referred to the proposed extension of Beecher Drive as constituting a thoroughfare.
As support for their contention that the extension of Beecher Drive would constitute a thoroughfare, the Grazianos point to certain excerpts from the public hearing transcript which indicate that a commission member referred to the proposed extension as a "through road." (Grazianos' Brief, p. 7). The word "through" means: "In one side and out the opposite[;] Among or between; in the midst of[;] By way of." The American Heritage Dictionary of the English Language (1976) p. 1341. Given this definition, the phrase "through road" means a road that is in between or connects two roads. Similarly, the context in which the commission member used this phrase indicates that he meant a road connecting Beecher Drive with Bucks Hill Road, not a thoroughfare. Two examples of the use of the phrase in such a context, given by Chairman H. William Davis, were: "It's town policy to make connections between town roads and avoid cul-de-sacs wherever possible and this is very possible. This is a very nice connection." (ROR, Item 2i, p. 8). "We have a through road connection which this Commission requires. There is, to my way of thinking, there's no other alternate [sic] to be made unless it would for somehow include a through road from Beecher Road [sic] to Bucks Hill Road." (ROR, Item 2i, pp. 10-11).
The court finds that the Grazianos did not meet their burden of proving that the proposed extension of Beecher Drive constitutes a thoroughfare. CT Page 13569
2. Whether The Planning Commission Was Predetermined And/Or Predisposed To Approving A Through Road Plan, As Opposed To Approving A Plan Which Left The Current Cul-De-Sac In Place.
As previously stated, the Grazianos appeal on the grounds that the commission's decision was illegal, arbitrary, and an abuse of its discretion. (Complaint ¶¶ 9d; 9e; 9g). Specifically, the Grazianos argue that the commission "was irrevocably committed to approving the through road plan no matter what evidence was presented, and regardless of the traffic and safety concerns of the neighbors on Beecher Drive." (Grazianos' Brief, p. 10).
The Grazianos contend that the subdivision regulations permit permanent cul-de-sacs, but that the commission has a policy against such. (Grazianos' Brief, p. 9). They maintain that AB could produce a subdivision plan which would keep the existing cul-de-sac in place. (Grazianos' Brief, p. 9). Furthermore, they maintain that the record reveals that the commission and AB had discussions prior to the public hearing regarding the extension of Beecher Drive. (Grazianos' Brief, pp. 9-10). Essentially, the Grazianos argue that AB provided for an extension of Beecher Drive at the commission's direction. (Grazianos' Brief, p. 10).
The commission responds that "[t]he plaintiffs were accorded every opportunity, at the public hearing, to challenge the tentative position taken by the Chairman. There is nothing in the record to establish that the position of the Chairman was. unalterable." (Commission's Brief, p. 21). Additionally, the commission points out that the subdivision regulations provide for a policy against permanent cul-de-sacs whenever possible. (Commission's Brief, p. 20).
AB responds that the Grazianos have failed to prove predetermination or predisposition. (AB's Brief, p. 13). AB maintains that any prior discussions with the commission "are of no. moment" given that its plan satisfied the subdivision regulations, and the commission does not have the authority to disapprove a conforming subdivision plan. (AB's Brief, p. 13).
Connecticut "law does not require that members of zoning commissions must have no opinion concerning the proper development of their communities." (Internal quotation marks omitted.) Cioffoletti v. Planning Zoning Commission, CT Page 13570209 Conn. 544, 555, 552 A.2d 796 (1989). When the issue of predisposition or prejudgment is raised, "[t]he decisive question . . . must be whether [commission members] had made up their minds prior to the public hearing, regardless of any arguments that might have been advanced at the hearing . . . . This involves a question of fact and the burden of proving the illegality [is] on the plaintiffs." (Citation omitted; emphasis added.) Id.
To support this claim, the Grazianos rely on statements made by Chairman Davis at the public hearing. (Grazianos' Brief, pp. 9-10). According to the Connecticut Supreme Court, statements made by commission members at a public hearing "do not . . . indicate any predisposition that would have disqualified [the] members before the hearing." (Emphasis added.) Cioffoletti v.Planning Zoning Commission, supra, 209 Conn. 556. Without more, the Grazianos have failed to sustain their burden of proving predisposition on behalf of the commission.
The Grazianos also assert that the record reveals that the commission and AB had discussions prior to the public hearing "as to whether AB could present a plan of development with a cul-de-sac and not a through street." (Grazianos' Brief, pp. 9-10). The Grazianos base this assertion on the following statement by Chairman Davis at the public hearing: "We have the plan that we have requested there. We have a through road connection which this Commission requires." (Grazianos' Brief, p. 10). At most, the statement indicates that the commission and AB had discussions concerning the subdivision application prior to the public hearing, and not that AB questioned the commission as to whether it would be allowed to provide for a cul-de-sac rather than a through road. In fact, AB indicate in their brief that the discussions entailed "[e]ditorial comments offered by way of explanation of the, administrative process subdivision plans." (AB's Brief, p. 13). The Grazianos fail to establish that it was inappropriate for the commission to engage in such behavior.
In any event, the extension of Beecher Drive to Bucks Hill Road is in compliance with the subdivision regulations. According to section 4.11.2.c of the subdivision regulations, "[p]ermanent deadend streets should be avoided. Proposed streets which may be projected into adjoining property shall be carried to the boundary line. No reserve strips to block access to a street shall be provided unless specifically approved by the Commission as necessary for safety on the street." (ROR, Item 6a, p. 1171). Additionally, section 4.11.2.d of the subdivision regulations CT Page 13571 state that "[u]nless otherwise approved by the Commission, proposed streets shall provide for continuation of existing streets terminating at the boundary of the subdivision." (ROR, Item 6a, p. 1171). AB's plan for Beecher Estates subdivision is in accordance with the regulations noted above given that it provides for the continuation of Beecher Drive by carrying the proposed through road to the boundary line. (ROR, Item 5c). Even if the commission did direct AB to extend Beecher Drive to Bucks Hill Road, the commission had no discretion but to approve Beecher Estates subdivision plan given AB's compliance with the subdivision regulations.
The court finds that Grazianos did not meet their burden of proving that the commission had predetermined the cul-de-sac issue.
CONCLUSION
The court dismisses the appeal of the Grazianos on the grounds that they have not meet their burden of proving that the proposed extension of Beecher Drive would constitute a thoroughfare, nor that the commission had predetermined the cul-de-sac issue.
SYLVESTER, J.