[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal, taken under G.S. §§ 8-8 and8-9, by JP Enterprises, LLC, from a decision of the Chaplin Planning and Zoning Commission (Commission) denying approval of an application to subdivide a 12.7 acre parcel into four lots. The appellant contends that the subdivision plan submitted to the Commission met all applicable subdivision regulations, and, therefore, approval of the plan was required. The Commission, on the other hand, argues that the subdivision plan would only comply with these regulations if and when certain excavation to CT Page 10773 the parcel occurs, and this contingency justified the Commission's disapproval.
 I
The appellant owns the property which was the subject of the application. As the owner, the appellant is aggrieved by the Commission's action, Bossert corporation v. Norwalk,157 Conn. 279, 285 (1968).
 II
On January 20, 1999, the Commission held a public hearing on this application and voted to disapprqve the plan. No reasons were expressly stated by the Commission for disapproval. On February 9, 1999, the appellant commenced this appeal.
Where a municipal agency fails to state a reason for its action, the court must search the record to determine whether a valid reason existed for that action, Morningside Association v.Planning and Zoning Board, 162 Conn. 154, 156 (1972).
In the present case, the salient facts are undisputed. At the time of the hearing before the Commission, the parcel to be subdivided failed to meet the slope requirement regulation necessary for subdivision development because a significant portion of the land had a grade exceeding fifteen percent, Chaplin Subdivision Regulations Section 1.5 and Section 111.2. The appellant had, however, obtained a special permit to remove sufficient gravel to bring the parcel into compliance, and the plan submitted would, if realized, otherwise satisfy the subdivision regulations.
A planning commission acts in an administrative capacity when considering the merits of a subdivision plan, GormanConstruction Co. v. Planning and Zoning Commission,35 Conn. App. 191, 195 (1994). The Commission, consequently, is limited to ascertaining whether the application complies with pertinent subdivision regulation, Id. Thus, the only issue before the court is whether the Commission had to approve the application with conditions that the proposed excavation successfully regrade the property at a future date. The court holds that the Commission was not required to approve the application before such excavation is completed. CT Page 10774
The subdivision approval statute, G.S. § 8-26, provides that a planning commission may approve, modify and approve, or disapprove a subdivision application, Shailer v. Planning andZoning Commission, 26 Conn. App. 17, 28 (1991). Our Supreme Court has recognized, however, that the commission may impose conditions for subdivision development if those conditions bear a rational relationship to the health, safety, and public welfare concerns enumerated in G.S. § 8-25, Id.
While approval with conditions is permitted, the appellant cites no authority for the proposition that approval based on future contingencies is mandatory. The parcel in question failed to comply with the subdivision regulations at the time the Commission considered the matter. A review of the record discloses that the commission members were concerned that excavation might prove physically or financially impractical. This was a legitimate reason to disapprove the plan. Had the Commission granted the application with conditions, it may have invited future disputes concerning whether the excavation efforts were sufficient. Also, the excavation may disclose unforeseen problems, such as poor drainage. The Commission could rightfully withhold approval preferring completed performance over promises of action, Krawski v. Planning and Zoning Commission, 21 Comm. App. 667, 674 (1990).
The appeal is denied.
Sferrazza, Justice