[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION STATEMENT OF THE APPEAL
This is an appeal from an approval of a resubdivision application seeking to resubdivide the subject premises, located in an AA zoning district in Fairfield, Connecticut, into two building lots. The issue is whether the town plan and zoning commission of the town of Fairfield acted illegally, arbitrarily and in abuse of its discretion in approving the resubdivision application when the application allegedly violated § 1.1.1(1) of the Fairfield zoning regulations by failing to indicate the existence of certain alleged deed restrictions affecting the premises.
 PROCEDURAL AND FACTUAL HISTORY
Defendant/applicant Paul Richter is the contract purchaser of the subject property, which is owned by the defendants Alan Rissolo and Jan CT Page 6215 Rissolo.[1] (Complaint, ¶¶ 1, 2.) The plaintiffs, Ellen Sturges, John Pacilio, Eileen Pacilio, Gerald Etzel, Sharon Etzel, Arthur Freierman and Abby Gilmore, allegedly "own and reside at real properties which either abut the Premises or are located within a radius of one hundred feet of the Premises." (Complaint, ¶ 7.)
By application dated November 13, 1997,[2] the defendant, Richter, applied to the commission for approval of a resubdivision of the subject premises. (Return of Record [ROR], Item 5: Application for Approval of Subdivision.) Richter applied for a resubdivision to create two lots, the larger lot consisted of 1.49 acres and the smaller lot would contain 1.02 acres. (ROR, Item 15: January 13, 1998 Verbatim Transcript of Public Hearing (Transcript), p. 2.)
The commission conducted a public hearing on the application on January 13, 1998. (ROR, Item 13: Notice of 1/13/98 Public Hearing.) At the hearing, the commission afforded interested parties an opportunity to be heard. (ROR, Item 15: Transcript.)
John Fallon, an attorney representing Richter, spoke on behalf of the application, and Dave Huntington, a Fairfield engineer/surveyor, explained the difference between a previous application concerning the same parcel and the present application. (ROR, Item 15: Transcript, pp. 1-5.) Several commissioners questioned Fallon and Huntington concerning bonding, the availability of sewers and easements. (ROR, Item 15: Transcript, pp. 5-6.)
An attorney, Austin Wolfe, as well as a partner from his law firm, appeared on behalf of the plaintiffs. Wolfe discussed an "opinion of title" which had been prepared by his partner, Michael Rosten.[3]
(ROR, Item 15: Transcript, p. 8; Item 10: Opinion of Title.) Rosten maintained that there were certain deed restrictions affecting the subject parcel, although he remarked that, "the last reference [to these restrictions] was in 1986 due to a [scrivener's] error . . . and that the "restriction disappeared in the most recent deed, but . . . we believe that these restrictions still exist and still [a]ffect these premises." (ROR, Item 15: Transcript, pp. 9.) Wolfe also referenced a "proposed amendment" that the commission purportedly was to consider later that evening and, if it was adopted, he doubted "that this application could ever be approved." (ROR, Item 15: Transcript, pp. 11-12.)
In addition, several other individuals spoke in opposition to the application. (ROR, Item 15: Transcript, pp. 15-22.) The chairperson then gave Fallon an opportunity to rebut the presentation of the plaintiffs. (ROR, Item 15: Transcript, pp. 22-28.) Subsequently, on January 27, 1998, the commission voted to approve Richter's resubdivision CT Page 6216 application, attaching several conditions to its approval.[4] (ROR, Item 11: 1/30/98 Notification Letter.)
The plaintiffs challenge the commission's decision on the ground that the commission acted illegally, arbitrarily and in abuse of its discretion in approving the application. The plaintiffs allege that the application was in violation of Fairfield's subdivision regulations by failing to indicate existing deed restrictions that affected the premises, and that the commission wrongfully concluded that it was not obligated to enforce the restrictions. (Complaint, ¶ (a)(b).)[5]
The plaintiffs request the court to sustain their appeal, set aside the commission's decision, enter "an order, both temporary and permanent" to prohibit the defendants from implementing the approval of the application, and further seek "such other relief as may in law or equity appertain." (Complaint, Prayer for Relief)
 JURISDICTION
General Statutes § 8-8 governs appeals taken to the superior court from the decisions of a planning and zoning commission. A statutory right to appeal, however, may only be taken advantage of by strictly complying with the statutory provisions which create it. Bridgeport Bowl-O-Rama v.Zoning Board of Appeals, 195 Conn. 276, 283, 487 A.2d 559 (1985).
 Aggrievement
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiffs appeal." (Emphasis added.) Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184,192, 676 A.2d 831 (1996).
General Statutes § 8-8 (a)(1) provides, in pertinent part, that "aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." The plaintiffs allege that they "own and reside at real properties which either abut the Premises or are located within a radius of one hundred feet of the Premises." (Complaint, ¶ 7.) The plaintiffs, however, must also prove aggrievement.
General Statutes § 8-8 (b) provides, in part, that an "appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." General Statutes § 8-8 (e) further provides that service "shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a CT Page 6217 true and attested copy with the clerk of the municipality."
The plaintiffs allege that the commission published notice of its "approval in a newspaper having a circulation in the Town of Fairfield on January 30, 1998." (Complaint, ¶ 5.)
With respect to service of process, this appeal was commenced on February 11, 1998, by service upon the clerk of the commission, the town clerk, Paul Richter and upon the Rissolos. (Sheriffs Return.)
 SCOPE OF REVIEW
General Statutes § 8-26 governs approval of subdivision and resubdivision applications. It provides, in part, that "[a]ll plans for subdivisions and resubdivisions . . . shall be submitted to the commission with an application in the form to be prescribed by it. . . . provided nothing in this section shall be deemed to authorize the commission to approve any such subdivision . . . which conflicts with applicable zoning regulations." Id.
In reviewing an application for a subdivision, "[proceedings before planning and zoning commissions are classified as administrative. . . ." (Brackets in original; citation omitted; internal quotation marks omitted. Property Group, Inc. v. Planning Commission, 226 Conn. 684,696-97, 628 A.2d 1277 (1993). A planning commission, "acting in its administrative capacity . . . has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance. . . . If it does not conform as required, the plan may be disapproved." (Citation omitted; internal quotation marks omitted.)Reed v. Planning Zoning Commission, 208 Conn. 431, 433, 544 A.2d 1213
(1988). A commission "is entrusted with the function of interpreting and applying its zoning regulations. . . . The trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts. . . . The plaintiffs have the burden of showing that the commission acted improperly." (Citations omitted; internal quotation marks omitted.) GormanConstruction Co. v. Planning Zoning Commission, 35 Conn. App. 191, 195,644 A.2d 964 (1994).
"Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached. . . . The action of the commission should be sustained if even one of the stated reasons is CT Page 6218 sufficient to support it. . . . The evidence, however, to support any such reason must be substantial." (Citations omitted; internal quotation marks omitted.) Property Group, Inc. v. Planning Zoning Commission, supra, 226 Conn. 697.
 DISCUSSION
The plaintiffs argue that the commission should have denied the subdivision application because it violated § 1.1.1(1) of the town of Fairfield subdivision regulations, which provides, in pertinent part, that a subdivision application shall state "[e]xisting deed restrictions and easements affecting the property to be subdivided." (ROR, Item 12: Subdivision Regulations; Plaintiffs' Exhibit B.) They emphasize that the word "shall" is generally construed as "mandatory." (Plaintiffs' Brief, p. 8.) The plaintiffs maintain that, despite evidence that the subject property was subject to a restrictive covenant, Richter knowingly omitted the restriction from his application and, therefore, the application failed to comply with the regulations. The plaintiffs contend that although the commission had been made aware of the restrictive covenant, it ignored that fact and ignored the disclosure requirement contained in the regulations. They emphasize that they are not claiming that the commission should have denied the application on the basis of the restrictive covenant, or that the commission was obliged to enforce the restriction. Rather, they claim the commission should have denied the application because the lack of disclosure violated the regulations.
The commission counters that it is unclear whether the claimed restrictive covenant is a deed restriction and, moreover, that such restriction was not noted on the most recent deed. The commission maintains that whether or not an enforceable restrictive covenant attaches to the property is a legal question that neither it, nor the court in the present procedural context, has authority to consider. The commission concludes that Richter "fully complied with the Subdivision Regulations when he failed to mention a restrictive covenant, the applicability of which he disputes, since there is no conclusive evidence that such a restriction exists." (Commission's Brief, p. 5.) It argues that, even if the restriction existed, the commission was not authorized to deny the application on that basis because "[t]he responsibility for enforcing restrictive covenants resides in neighboring landowners, not in the [commission]." (Commission's Brief, p. 5.) In addition, the commission argues that whether the word "shall" is mandatory or precatory depends upon the context. Here, it maintains, "[i]f an item required to be listed on a subdivision application does not exist, then the use of the word `shall' cannot mandate its inclusion." (Commission's Brief, p. 6.) CT Page 6219
Richter argues that his application conformed to the subdivision regulations because the regulation requires a statement of "existing" deed restrictions, and the alleged restrictive covenant was not referenced in the most recent deed of conveyance of the parcel. He further responds that whether or not an enforceable restrictive covenant exists is beyond the commission s scope of authority and is not a matter which the commission may consider when reviewing a subdivision application. Finally, Richter observes that when the validity of a restrictive covenant is in dispute, "it is clearly not within the purview of the regulations nor the authority of case law or statute that the dispute be addressed in the context of an administrative review" of a resubdivision by a commission. (Richter's Brief, p. 9.)
In their reply brief, the plaintiffs respond that the regulations require disclosure of an existing deed restriction' affecting title to the subject premises." (Plaintiffs' Reply Brief, p. 1.) The plaintiffs contend that restrictions in the chain of title affecting the applicant's property are disclosable even if not referenced in the applicant's deed, and that the regulation intends the commission to be made aware of all information relating to a parcel sought to be subdivided. They observe that the applicant and the commission were informed that there was a restriction with respect to this property. In addition, the plaintiffs emphasize that they are not requesting the commission to enforce any restrictions, rather, "[t]he issue is whether the knowing failure to disclose the existence of a restriction affecting title in violation of an applicable regulation causes an application to be defective, and mandates its rejection." (Plaintiffs' Reply Brief, pp. 3-4.)
In the present case, the subdivision regulations provide, in pertinent part: "Application:
A written application shall be made to the Commission by the applicant. If the applicant is not the owner of the land to be subdivided, the application shall also be signed by the owner. The application shall state the following: . . . (I) Existing deed restrictions and easements affecting the property to be subdivided." (ROR, Item 12: Subdivision Regulations.)
"The commission does not have to turn down the application for insignificant deficiencies." R. Fuller, 9A Connecticut Practice Series: Land Use Law and Practice (2d Ed. 1999) § 33.8, p. 174. For example, in Paige v. Town Plan Zoning Commission, 35 Conn. App. 646, 659,646 A.2d 277 (1994), rev'd on other grounds, 235 Conn. 448, 668 A.2d 340, (1995), an applicant failed to comply with Fairfield's subdivision regulations by submitting a preliminary map that failed to depict the location of certain wooded areas. The trial court determined, and the CT Page 6220 Appellate Court agreed, that the commission's approval was "not unreasonable, arbitrary or illegal," despite the application's nonconformance with the regulations. Id., 659. The court observed that "the commission had before it evidence of the principal wooded areas, even though this evidence was not contained in the preliminary map." Id. The court also noted that it was conceded at the public hearing that the land was 80 percent wooded, therefore, the commission was aware that almost the entire property was wooded. Id., 659-60. The court further emphasized that the regulations did not require a "depiction of principal wooded areas for final approval. . . . As such, the regulations demonstrate that the depiction of principal wooded areas is not a consideration to be given as great weight by the commission as other requirements that are needed in both the preliminary plan and the final plan." (Citation omitted.) Id.
Similarly, in the present case, although the application did not disclose any deed restriction, the record reveals that the commission was aware of the possible existence of a restriction. At the public hearing, Wolfe and Rosten informed the commission of a deed restriction, and the chairperson replied: "You're 100% right, there is an easement, restriction in effect here. If Mr. Fallon withdraws the application and next week he sends it in here, puts a little note on the back, there is an existing deed restriction which he doesn't agree with, what difference does it make." (ROR, Item 15: Transcript, p. 14.) Therefore, that the commission, in approving the application despite the possible existence of a restriction, appears to have interpreted § 1.1.1(1) as an "insignificant deficiency."
In addition, a finding that this particular requirement is relatively "insignificant" is bolstered by a review of the law in the area of deed encumbrances. For example. "it has been said that a planning commission cannot base its denial of subdivision approval on the existence of a deed restriction if the application otherwise meets the regulations. . . . The responsibility of enforcing restrictive covenants in deeds is allocated to neighboring landowners, not to a municipal commission." (Citations omitted.) Moscowitz v. Planning Zoning Commission, 16 Conn. App. 303,311-12 n. 8, 547 A.2d 569 (1988). See also Middlebury v. Planning ZoningCommission, Superior Court, judicial district of Waterbury, Docket No. 130420 (April 14, 1997, Pellegrino, J.) ("[e]ven assuming the covenant and restriction posed a problem as the plaintiffs suggest, the [c]ommission is not empowered to deny an application on the basis of a private covenant"); Anniello v. Planning Zoning Commission, Superior Court, judicial district of Tolland at Rockville, Docket No. 52916 (August 14, 1995, Klaczak J.) (court emphasizes that the law is "well established" that restrictive deed covenants are separate and distinct from zoning law provisions and cannot impact the administration of zoning CT Page 6221 law); Cook v. Planning Zoning Commission, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 451202 (October 14, 1993, Goldberg, J.) (restrictive covenants cannot control a zoning authority's decision, and if the regulations allow a particular use, the authority cannot deny the use merely because it violates the restriction)
In Gagnon v. Municipal Planning Commission, 10 Conn. App. 54,521 A.2d 589, cert denied, 203 Conn. 807, 525 A.2d 521 (1987), a case involving a subdivision application and a disputed easement, the Appellate Court explained the legal constraints binding a commission. It observed that "[b]ecause a commission is not a court of law, its authority is stringently limited. It can only apply its regulations to the proposals which appear before it. It cannot make law." Id., 57. In that case, the relevant regulations required the disclosure of an easement on a subdivision application. Because a title search failed to disclose any easement, the Appellate Court noted that there "was no "easement' . . . for the defendant to include in his proposal"; id., 58; therefore, the defendant fully complied with the regulations and the commission had "no option other than to approve the proposed subdivision." Id. The court further emphasized that "[t]he commission does not have authority to determine whether the claimed right of way was a legally protected and enforceable prescriptive easement, since that conclusion can only be made by judicial authority in a quiet title action. . . ." Id.
In the present case, the record reveals that the commission was aware of the possible existence of a deed restriction and that the application had failed to note any restriction, but treated the deficiency as "insignificant." Further, the commission had no authority to "make law" by determining whether a deed restriction existed with respect to the subject premises, nor was the commission empowered to deny an application that otherwise conformed to the regulations on the basis of a deed restriction. Because a commission is proscribed from considering a deed restriction when rendering a final decision on an application, it follows that a failure to note such a restriction in the first instance would not be a valid basis for denying the application.
For the foregoing reasons, the plaintiff's appeal is dismissed.
 ___________________ RODRIGUEZ, JUDGE