[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from the denial of a subdivision application submitted by the plaintiff to the defendant for the division of a 17.8 acre parcel located on South Turnpike Road into eleven lots. Five lots in the subdivision had frontage on Cheshire Road, however, the proposed access to these lots was over a private driveway that began at Deme Road, and ran along the northwesterly boundary of the lots.
The application was dated December 22, 2000 and a hearing was held on February 14, 2001. A continued hearing was held on March 26, 2001 and a revised subdivision plan was submitted and additional reports were received from various departments and agencies. The Commission also received a letter from the fire marshal dated March 22, 2001 that bears a stamp indicating it was received by the Wallingford Planning and Zoning Commission on March 23, 2001. (Return of Record ("ROR"), Exhibit 8e).
Another continued hearing was held on April 9, 2001 and the applicant submitted another revised set of subdivision plans bearing a revision date of March 30, 2001. (ROR, Exhibit 10) This revised plan contained ten CT Page 15619 lots, the original lot #6 having been deleted. At the conclusion of the hearing the Commission voted unanimously to deny the application based upon seven reasons. Additional portions of the record will be referred to where necessary.
Standard of Review
"It is axiomatic that a planning commission, in passing on a resubdivision application, acts in an administrative capacity and is limited to determining whether the plan complies with the applicable regulations. . . . It is equally axiomatic that the trial court, in reviewing the action of a planning commission regarding a resubdivision application, may not substitute its judgment on the facts for that of the planning commission. . . . The conclusions of the Commission must stand if even one of the stated reasons is reasonably supported by the record." (Citations omitted.) R. B. Kent Sons, Inc. v. Planning Commission,21 Conn. App. 370, 373, 573 A.2d 760 (1990). It is within the province of the commission to interpret and apply its zoning regulations. GormanConstruction Co. v. Planning Zoning Commission, 35 Conn. App. 191,195, 644 A.2d 964 (1994).
"The evidence, however, to support any such reason must be substantial. . . .
"The trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts. . . . The trial court can sustain the [plaintiff's] appeal only upon a determination that the decision of the commission was unreasonable, arbitrary or illegal. . . ." Pelliccione v. Planning Zoning Commission, 64 Conn. App. 320, 326-328 (2001).
"When reviewing a subdivision application, the function of a municipal planning commission is to approve or disapprove a proposed subdivision. This is an administrative function, neither legislative nor judicial.Forest Construction Co. v. Planning Zoning Commission, 155 Conn. 669,674, 236 A.2d 917 (1967). A municipal commission must approve a subdivision proposal if it conforms to the regulations adopted and promulgated by the commission. The proposal must be denied if it does not meet the requirements of the regulations. Westport v. Norwalk,167 Conn. 151, 157-58, 355 A.2d 25 (1974). Because a commission is not a court of law, its authority is stringently limited. It can only apply its regulations to the proposals which appear before it. It cannot make law."Gagnon v. Municipal Planning Commission, 10 Conn. App. 54, 57 (1987).
Aggrievement
CT Page 15620
The parties have stipulated that the Plaintiff is a contract purchaser of the property which is the subject of the subdivision application. The court finds that it is aggrieved by the decision of the Defendant and has standing to bring this appeal. See Shapero v. Zoning Board, 192 Conn. 367
(1984).
Reasons for Denial
In a certified letter dated April 11, 2001, the assistant town planner informed the applicant of the Commission's action on the application. (ROR, Exhibit 14) The letter stated in part: "Your application for: An 11-lot subdivision on 178 (sic) acres at 31-35 South Turnpike Road has been denied `Based on the totality of the evidence as presented at numerous meetings and the correspondence that has been presented' and the following:
1. Comments of the Wallingford Fire Marshal Dated 3/23/01.
 2. Comments of the Town Engineering Dept. dated 3/19/01, 1/8/01 and 2/5/01.
 3. Page 154, Sec. 6.29 of the Wallingford Zoning Regulations regarding fire protection service.
 4. Inability of the Town through zoning enforcement to enforce the proposed easement.
 5. Your inability to provide sidewalks including a denial of your request to waive the requirement.
 6. Sec. 1A — Purpose section of the Zoning Regulations of the Town of Wallingford, specifically the entire page 1, which includes the purpose of the zoning regulations as it pertains specifically to the public safety and health.
 7. Correspondence from the Town Engineer dated 1/8/01, specifically regarding the existence of non-standard Town cul-de-sac for the five lots off of Deme Road."
DISCUSSION
The court must determine if any one of the reasons for denial is based upon a noncompliance with the subdivision regulations and whether the reason is supported by substantial evidence in the record. CT Page 15621
Fire Protection
The first and third reasons given by the Commission for denial of the application concern fire protection. The first reason for denial is "comments of the fire marshal dated March 23, 2000 (sic). (ROR, Exhibit 8e) The comments are contained in a letter from the fire marshal to the assistant town planner that states, in part, "In view of the developer extending a water main to the end of Deme Rd. and his widening of the access driveway to include an emergency vehicle turnaround, and after reviewing the alternative treatment as illustrated in the zoning regulations, we felt that a reasonable degree of fire safety was being provided." The letter also states: "However, we are still concerned that as proposed the driveway servicing the five homes may become congested with parked vehicles if the residents and visitors decide to park on the access driveway. Since this is a private drive and `no parking' restrictions can not be enforced by the Police Department, this is a factor that the Planning and Zoning Office may take into consideration in either approving or denying the application."
Subsequently, a revised subdivision plan, revision date March 22, 2001, was reviewed by the fire marshal and approved on March 27, 2001. (ROR, Exhibit 11a) The subdivision plan was again revised on March 30, 2001 and was reviewed by the fire marshal on April 4, 2001. (ROR, Exhibit 11d) His only comment was: "Turning radius acceptable". Subsequently, the fire marshal submitted a memo to the town planner dated April 9, 2001 that stated: "Please be advised that I have reviewed the zoning application for Sunwood Development pertaining to turning radius for fire apparatus, alternative turnaround for fire apparatus, additional parking areas and snow removal shelf. The site plan appears to satisfy this office's concerns for emergency vehicle access to the property." (ROR, Exhibit 11f).
The third reason given by the Commission referred to Section 6.29 of the Wallingford Zoning Regulations (zoning regulations) regarding fire protection and did not contain further details or a specific reference to the language of the section. (ROR, Exhibit 15) A planning commission may consider applicable zoning regulations in reviewing a subdivision application. See Krawski v. Planning Zoning Commission, 21 Conn. App. 667
(1990). Section 6.29 A. of the zoning regulations states: "All uses forwhich a site plan is required shall provide for adequate fire protection including adequate traffic flow of fire and emergency vehicles."(Emphasis added.) The term "site plan" is not defined in the zoning regulations. The zoning regulations do contain Article 7. Site Plan Review and Approval. The court has reviewed Section 7.1, Applicability, and concludes that a subdivision plan is not a use for which a site plan is required so CT Page 15622 as to bring this application within the ambit of Section 6.29 A. of the zoning regulations.
The remaining provision of Section 6.29, subsection B, pertains to buildings constructed with private fire protection systems and is not applicable to this subdivision application.
The court concludes that the first and third reasons are not legally sufficient to deny the application. Although the fire marshal did have concerns initially, it is clear those concerns were addressed and the fire marshal, ultimately, was satisfied with the revised plans. Furthermore, the first reason does not refer to a noncompliance with a specific subdivision regulation. The zoning regulation cited in the third reason is not applicable and does not justify denial of the application.
Engineering Department Comments
The second reason given by the Commission is "Comments of the town engineering department dated March 19, 2001, (ROR, Exhibit 8a), 1/18/01 (ROR, Exhibit 4b), and 2/5/01." (ROR, Exhibit 4g) It is noted that the second reason does not reference a noncompliance with the subdivision regulations. The court has carefully reviewed the three exhibits containing the specified engineering department comments and concludes that they do not contain substantial evidence to support the denial of the subdivision application. They do reflect the applicant's efforts to comply with the engineering department's recommendations. There was only one lot, #6, which was not recommended for approval, and that lot was deleted in the final revised subdivision plan. The conclusion that this reason is legally inadequate is buttressed by the fact the Commission apparently chose to ignore the final comments of the engineering department contained in a letter dated April 9, 2001 and received by the Commission on that date. (ROR, Exhibit 11h) This letter indicates that the applicant's revised plan of March 30, 2001 satisfied many of the previously expressed concerns of the Department. The letter contains five suggested conditions of approval, all of which were acceptable to the applicant. (Transcript, April 9, 2001 hearing, ROR, Exhibit 12, pg. 2.)
Driveway Easement
The fourth reason given by the Commission for denial of the application was "Inability of the Town through zoning enforcement to enforce the proposed easement presented in the common driveway for the five lots off of Deme Road." Again, the commission does not refer to the subdivision or zoning regulations. The court has reviewed the Wallingford Zoning Regulations, (ROR, Exhibit 15) and does not find any regulation which requires the applicant to empower the Zoning Commission to enforce a CT Page 15623 private common driveway easement. The Wallingford Subdivision Regulations (ROR, Exhibit 15, (subdivision regulations).) Section IV H, Deeds and Easements, requires the applicant to provide easement documents to the town prior to filing an approved subdivision map. This regulation cannot be interpreted to require that the applicant grant the Town of Wallingford the power to enforce all easements shown on a subdivision plan. In the absence of such a subdivision or zoning regulation the court finds that the fourth reason is not sufficient to deny the application.
Sidewalks
The fifth reason given for denial was the applicant's "Inability to provide sidewalks including a denial of your request to waive the requirement." Subdivision regulation Section 1, B. Waiver of Requirements, provides in part "the Commission, upon written request from the applicant, may waive specific requirements of these regulations by a 3/4 vote of all Commission members with respect to a subdivision where, owing to physical site conditions especially effecting such subdivision, a literal application of these regulations would result in undesirable development, practical difficulty or unusual hardship, so that substantial justice will be done." The section does not state the effect of a denial of a waiver request. The logical conclusion is that the applicant would be required to comply with the section(s) of the Subdivision Regulations that was the subject of the denied waiver.
The court has reviewed the record and finds that the applicant presented reasons to justify a waiver, however, it does not find any evidence which substantiates the Commission's claim that the applicant was unable to provide sidewalks in the subdivision. (Transcript April 9, 2001 hearing, ROR, Exhibit 12, pg. 5.)
If the Commission wanted sidewalks, it could have required their installation as a condition of the approval. The court notes there is no mention of sidewalks in the initial letter from the engineering department to the Commission dated January 18, 2000, (ROR, Exhibit 4b), or in any of the suggested conditions of approval contained in the three later letters. (ROR, Exhibits 4g, 8a, 11h) The court finds that the fifth reason is not sufficient to support denial of the application.
Zoning Regulations
The sixth reason given by the Commission is "Section 1A — Purpose section of the Zoning Regulations of the Town of Wallingford, specifically the entire page 1, which includes the purpose of the Zoning Regulations as it pertains specifically to the public safety and health." The cited section and page of the Wallingford Zoning Regulations contain CT Page 15624 general policy statements regarding public health and safety regulations. Such statements do not provide a sufficient basis for rejection of a subdivision application. See, Sowin Associates v. Planningand Zoning Commission, 23 Conn. App. 370 (1990).
Deme Road
The seventh and final reason stated by the Commission is "Correspondence from the town engineer dated 1/8/01, specifically regarding the existence of non-standard Town cul-de-sac for the five lots off Deme Road." No subdivision regulation is mentioned in this reason.
The referenced correspondence contains twelve comments and observations. (ROR, Exhibit 4b) Item 4.a-e., in the letter focuses on Deme Road.[1] The court finds that the comments contained in 4.a., 4. b., and 4.d., were addressed by the applicant; item 4.e. is found to be not relevant.
The terminus of Deme Road is located next to the northwesterly boundary of the proposed subdivision and is shown on the March 30, 2001 subdivision plan, (ROR, Exhibit 10f) The end of Deme Road does not have a typical cul-de-sac, but rather, a hammerhead. (Transcript, April 9, 2001 hearing, ROR Exhibit 12, pg. 21.) The hammerhead at the end of Deme Road resembles the top of a "T" and provides room for a vehicle to turn and reverse direction. In item 4.c. of the 1/8/01 letter, (ROR, Exhibit 4b), the Town Engineer recommended that the application be referred to the Public Works Department for a determination of the effect the access driveway would have on the hammerhead at the end of Deme Road. On January 30, 2001 the Director of Public Works sent a memorandum to the Town Planner. (ROR, Exhibit 4e) The memorandum states: "Today, Edward Niland and I met with Bob Wiedenmann and Chris Juliano to discuss snow removal at the end of Demi Road where five (5) new homes will be built. The 20' easement that will be granted to the Sewer Division will be adequate for snow storage. Although part of the existing turnaround used by the plow truck is on private property, we would still have enough room to turn if at some point in the future the property owner were to claim it back to the town right-of-way." The memorandum from the Director of Public Works does not provide a basis for denial of the subdivision application.
The court has been unable to find any section of the Wallingford Subdivision Regulation which prohibits the subdivision of land that abuts a nonstandard town road. Section VI, A.5, Existing Streets, does require an applicant to dedicate area which abuts sub-width streets and/or improve substandard abutting roads. This section was not referred to by the Commission and it does not appear to apply to the applicant because the land necessary to form a cul-de-sac on Deme Road is not owned by the CT Page 15625 applicant. (Transcript, April 9, 2001 hearing, ROR Exhibit 12, pg. 21.) The seventh reason given by the Commission to support its denial of the application is not legally sufficient.
Having thoroughly reviewed the record it is apparent to the court that the Commission had concerns about the private driveway serving five lots in the subdivision. It is also apparent that the Wallingford Subdivision Regulations did not specifically address this design, however, they did not prohibit it. The concerns of the Commission were transformed into reasons to deny the application that were grounded on general observations, and not on the subdivision regulations.
The facts in this case are similar to those in the case of Reed v.Planning Zoning Commission, 208 Conn. 431 (1988). In that case the Chester Planning and Zoning Commission denied a twelve lot subdivision application because the abutting road was "inadequate to provide safe access and egress to the proposed lots for either residents or emergency vehicles". Id. 432. The trial court sustained the applicant's appeal. The Supreme Court held: "Because the commission acts in an administrative capacity and is authorized only to apply the requirements set forth in the regulations to the facts, and because the regulations and statutes relied upon by it do not address problems relating to existing roads, the commission exceeded its authority when it denied the subdivision application. . . . Since the commission did not find that the plaintiff's subdivision application did not conform to the Chester subdivision regulations, but based its disapproval on reasons not provided for in the regulations, the denial of the plaintiff's subdivision application for that reason was improper". Id. 435, 437.
The appeal is sustained. The defendant is ordered to approve the subdivision application with the conditions of approval contained in the letter from the Wallingford Department of Engineering dated April 9, 2001. (ROR, Exhibit 11h) The applicant may ask the Commission to consider a waiver of the sidewalk requirement if it so desires.
Domnarski, J.